Taylor, Judge,
 

 delivered the opinion of "the Court:
 

 This case does not essentially differ from that of Rickets
 
 v.
 
 Dickens & Wait, decided at this term : in both cases the actions are brought upon deeds of bargain and-sale. The one now declared on contains no covenant of warranty, and thus far corresponds with the deed set forth in the first count of the declaration in the other case : but the word
 
 “give”
 
 is contained in the deed in the present case, which, according to the principles stated in the case of Rickets
 
 v.
 
 Dickens & Wait, would imply a warranty, if inserted in a deed of feoffment, &c.: but ia other forms of alienation gradually introduced
 
 *350
 
 gince the statute of
 
 quia empiores,
 
 no warranty whatsoever is implied, they bearing no sort of analogy to the original feudal donation. Lord Coke, in illustrating the statute
 
 de higamis,
 
 more particularly explains the several conveyances at Common Law, in which that word implies a warranty. “ The letter of this act, says he, in
 
 2 Inst. 9.75,
 
 extends hut to the feoffor upon a feoffment madebut if “ dedi” doth enure by way of release or confirmation, it importeth a warranty during the life of him who makes the deed: so it is, if a reversion expectant upon an estate for years, life, or in tail, be granted by this word “ dedi,” and attornment had
 
 ;
 
 here
 
 “
 
 dedi” doth import a warranty, though the estate passeth not by way of feoffment.” — Vide also
 
 9 Blac.
 
 Com. 210. The deed in this case being a bargain and salé, no implied warranty arises by force of any words, and though it would.be difficult to assign any satisfactory reason why the -distinction should be preserved at the present day, when deeds vary from each other only by a slight verbal difference, and when equal validity is conferred upon all by the ceremony of registration: yet the Court has no power to remove ancient land-marks : they-must administer the law as it is written, and leave the Legislature to alter what may be deemed inconvenient. There is a covenant in this deed for further assurance, which probably was designed by the parties to compel a future execution of- a conveyance containing the necessary warranty. If that be the case, the Plaintiff cannot be reme-diless, although, in the present suit, there must be judgment against him.
 

 Hah., Judge,
 

 contra. — Espiraasse, in his treatise upon the action of covenant, page 267, says “ there is no meed of the word covenant, nor of any particular form' of words to constitute a covenant in
 
 deed;
 
 for any thing under the hand and seal of the parties importing an agreement, shall support this action as amounting to a covenant- As- ip the case of a lease for lands, in * which
 
 *351
 
 are the •words
 
 “
 
 yielding and paying” so much rent 5 this is a covenant, and this action lies for the non-payment, for it is an agreement for tiie payment of rent, which amounts to a covenant,” and he cites 1
 
 Roll. Abr.
 
 518, 519. Sheppard, in his
 
 Touchstone,
 
 page 87, speaking of deeds, says, “ that the construction should be made upon the entire deed, and that
 
 one
 
 part of it doth help to expound
 
 another,
 
 and that every word (if it may be) may take effect and none be rejected, and that all the parts do agree together, and there be no discordance therein,” Vide also
 
 Plow.
 
 160. And many other authorities might be referred to which support the same principles. It must then be admitted, that every sentence in the deed which is now the subject of controversy, shall have some meaning attached to it, and the true question is, do the words and sentences of the deed import an agreement on the part of the bargainor that there are
 
 three hundred and forty
 
 acres in the tract of land which he conveyed by this deed ? Lands may be described in a deed of conveyance by
 
 course
 
 and
 
 distance
 
 directed by marked lines "and corners, or by
 
 known
 
 and
 
 visible
 
 boundaries only, without mentioning course and distance. As to the first mode, a mathematician would tell you that there was sufficient certainty in it without making any actual survey. But when he should be told, that altuough a deed called for courses and distances, yet if the distances were longer or shorter, or courses different from those called for in the deed, he must be bound by them, he would probably think it safer to make an actual survey.
 

 It is unnecessary to cite authorities to prove that course and distance must be controlled by real lines and corners. This rule has been long established by the. Legislature, and'enforced by judicial decisions. Where the lands are described by known and visible boundaries, without course or distance, there is generally a greater necessity for a survey. In the case now before us, three of the lines are said to run certain courses and distances to certain corners ; The fourth runs from a
 
 *352
 
 pine in Abbot’s line with the said line to the first station. Those distances may be found to be shorter
 
 in fact,
 
 than those called for in the deed. The fourth line instead of being straight, may form a semicircle, because Abbot’s line, with which it runs, may be of that form. Who must be supposed to be best acquainted with these lines and the quantity of acres contained within them, the purchaser or the seller ? I apprehend the seller .• and the parties to the deed for the land in question seem to have thought so too : for, in the deed by which he passes his title, and which evidences the contract of sale, he iiot only sells the land within the boundaries therein set forth, but sells it as
 
 “ containing'”
 
 three hundred and forty-three acres. But it is said tiiat this latter member of the sentence is only descriptive of the land, and nothing more. To this I answer, if ittbe descriptive only, it must be as to quantity, and nothing else. If then the seller has by his deed described the land as
 
 “ contain
 
 ing” so many acres, when in fact it does
 
 not;
 
 if he must be supposed to have been best acquainted with the quantity ; if “ every word should have effect in a deed (if it may be) and none be rejected,” I think the conclusion must be, that the Defendant is liable for a deficiency.
 

 It is asked, however, if upon a survey it should have been found that the tract of land contained more than three hundred and forty-three acres, what would have been the consequence ? Could the Defendant claim compensation beyond the stipulated price ? It is evident that he could not; and for the reasons before given, namely, that he has sold all the lands within certain boundaries, and let the quantity be what it may, he can claim no more than what he has agreed to take for
 
 all the lands within such boundaries.
 
 Nor could the Plaintiff set up a claim in the present case, had the Defendant omitted to stipulate, in addition, that there were within those boundaries three hundred and forty-three acres. If the words
 
 (i
 
 containing three hundred and forty-three, acres” do not amount to such a stipulation, it appears to
 
 *353
 
 Hie that they can mean nothing: for all the lands contained within the boundaries set forth, would have passed without these words; and where persons sell lands and use these words merely as descriptive of the land, without intending to create a covenant as to quantity* they add the words “
 
 more or
 
 less” “
 
 by estimation”
 
 or some other words which shew their intention to be not to bind themselves as to quantity. To use the words of the President
 
 Pendleton,
 
 in the case of Joliffe and others
 
 v.
 
 Hite and others, 1 Call. 501, “ a man wishes to sell his land, and another willing to purchase, enquires what is the quantity ? The vendor answers, I hold it for so many acres, but-I mean to sell the tract as it is,
 
 more or
 
 less, and such is my price.” He adds, this is perfectly understood by planters and farmers of the lowest order.” I cannot but think that the principles to be extracted from this case in
 
 Call,
 
 support the construction which Í contend for in the present- case. And although I fear that my opinion may be erroneous, since my brethren of the bench do not acquiesce in it, I feel bound to declare it to be my opinion, that, in this case, judgment should he entered for the Plaintiff.