I have formed a different opinion from that which has been pronounced, and will briefly state the reasons upon which it is founded. The intention of the testator seems to me apparent, upon the face of the will, to give his grandson, Alfred, one-half the tract of land, and the other half to be equally divided between his two granddaughters, and in this proportion he meant they should take, whatever number of acres the tract should be found to contain. *Page 191 
The testator believed that there were 700 acres in the tract, for in that way he described it, and under this belief he gives to Alfred that number of acres which amounts to half, describing it as the upper part. This induces me to think that he used the word "part" as synonymous to "half." But why is he silent as to the number of acres he devises to his granddaughters? For the obvious reason that it was one-half the tract, and must be the same in quantity that he had just given to Alfred. It had been twice told, and required not a repetition. He assigns one clause to the devise to Alfred, and a new, and separate one, to the devise to his two granddaughters — to the end that the words "equally to be divided" might have a distinct and unequivocal reference to them, and to preclude any refinement of construction which might (248) also extend to Alfred and his half.
This would have been the undoubted construction of the will if the tract of land had in reality contained the exact quantity of acres which the testator believed it did. The intention would then have been considered clear and the phraseology perspicuous. I cannot understand why this construction should be abandoned because it happens in event that the tract contains 1,100 acres. There is no revolting disproportion in the shares of the respective grandchildren; no ratio different from that which the testator himself designed. It is certain that each devisee would receive more than the testator expected, but they would receive it in the exact proportion that he designed and limited, inasmuch as 350 bears the same proportion to 175 that 550 does to 275. Yet how different is the result according to the judgment! Alfred's share, instead of being equal to the shares of both sisters added together, will be less then the share of either. If this question had been put to the testator, "Suppose there should be much more land in this tract than you think there is, do you intend in any event that your granddaughters shall, each, have more than your grandson?" I think he would have been very prompt in answering, "No; I gave 350 to Alfred because I believe the tract contains 700, and I wish him to have half at all events, and the other half to be divided between his sisters."
As I take this to be the true construction, I cannot consent to yield it on account of a mistake in the testator as to quantity — a mere error in computation, which has been so often overlooked when the intention is plain. 1 Vesey, 106; Milner v. Milner, 2 Bro. C. C., 87; Williamsv. Williams. "If (says Lord Bacon) I grant my meadows in Dale containing 10 acres, and they in truth contain 20, the whole 20 pass," according to the maxim, Veritas nominis tollit errorem demonstrationis. Reg., 25. If half the meadows had been granted in the same way, the grantee must have taken 10 acres; and I cannot perceive a difference between those cases and where a man grants to A. 5 (249) *Page 192 
acres, being the upper part of his meadows containing 10 acres, and in another clause grants the lower part of the same meadows to be divided between B. and C.
SEAWELL, J., dissented.
NOTE. — See Powell v. Liles, 5 N.C. 348; Proctor v. Pool, 15 N.C. 374;Dodson v. Green, ibid., 491.
Cited: Huntley v. Waddell, 34 N.C. 33; Williams v. McComb, 38 N.C. 453;Carroll v. Mfg. Co., 180 N.C. 368.